# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LUIS FERNANDO MORENO PEREZ,
*through next friend Jesica Daniela Cubillos Chacon,*

      Petitioner,

      v.                             Case No. 2:26-cv-00390 KWR-KK

WARDEN, *Warden, Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Officer Director of*
*Enforcement and Removal Operations, El Paso*
*Field Office, Immigration and Customs*
*Enforcement*; TAE D. JOHNSON, *Acting Director of*
*Immigration And Customs Enforcement*,
KRISTI NOEM, *Secretary, U.S. Department*
*Of Homeland Security*; AND PAMELA BONDI,
*U.S. Attorney General*,

      Respondents.

## ORDER DENYING MOTIONS TO ENFORCE

THIS MATTER comes before the Court on Petitioner's four motions to enforce judgment (Docs. 12, 14, 15, 16). The Court granted in part Petitioner's habeas petition and ordered Respondents to hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk.

In the various motions to enforce, Petitioner appears to assert that a bond hearing was held without notice to counsel, and he did not receive a fair hearing. *See, e.g.* Doc. 12 at 1.

Respondents apparently recognized the lack of notice and held a second bond hearing with notice to counsel. *See* Doc. 17. Given that Respondents voluntarily remedied the asserted defect in the first bond hearing, it appears that the motions to enforce are moot or otherwise not well-taken.

Petitioner does not establish any defects in the second bond hearing. Petitioner asserts that at the second bond hearing, release was denied despite evidence favorable to his position. Doc. 15 at 1.

Petitioner appears to challenge the result of the second bond hearing, but does not assert any defect in the second hearing or why any such defect merits further relief. Petitioner generally asserts that his detention is prolonged, he lacked a fair hearing, and he is not a flight risk or danger to the community. Doc. 15 at 1. To the extent Petitioner asserts new habeas claims, it is not appropriate to assert them in a motion to enforce judgment.  Moreover, although Petitioner summarily asserts that his second bond hearing lacked due process, he does not explain why. Finally, he appears to challenge the ruling at the bond hearing, summarily asserting that he is not a flight risk or danger to the community. The Court declines to grant relief on this basis. Although the Court ordered a bond hearing, the Court did not order any specific result.

In sum, it appears that Respondents substantially complied with the Court's judgment. Therefore, the Court declines to order further relief at this time.

**IT IS THEREFORE ORDERED** that Petitioner's motions to enforce judgment (Docs. 12, 14, 15, 16) are **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2